IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 AUG -1  AM 11: 00
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CHARLES M. MURPHY, JR.,

    Plaintiff,

vs.      No. 05-2407-B/P

UNITED STATES OF AMERICA,

    Defendant.

ORDER STRIKING PLAINTIFF'S RESPONSE TO ORDER
ORDER OF DISMISSAL
ORDER DENYING MOTION TO REQUIRE FILING OF ADMINISTRATIVE RECORD
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
ORDER ENJOINING PLAINTIFF FROM FILING FURTHER DOCUMENTS
ORDER REAFFIRMING AND IMPOSING FURTHER
RESTRICTIONS ON FILING PRIVILEGES
AND
ORDER IMPOSING $500 FINE

On June 1, 2005, Plaintiff, Charles Murphy, Jr., filed this pro se complaint suing the United States of America and paid the filing fee. Murphy also filed a motion to require the defendant to file the administrative record. On June 13, 2005, after the case was assigned to United States District Judge Bernice Donald, Murphy filed a motion seeking her recusal. On June 17, 2005, Judge Donald determined no basis existed for recusal, however, she directed the Clerk to reassign the case. The case was reassigned to United States District Judge Samuel H. Mays, who signed an order of recusal on June 21, 2005. On June 21, 2005, the case was reassigned by random draw to the undersigned judge.

On June 28, 2005, Murphy filed an irregular document entitled "RESPONSE TO ORDER DENYING MOTION TO RECUSE AND REASSIGNING CASE." Plaintiff was not directed to respond to the Court's order and the Federal Rules of Civil Procedure do not otherwise provide a mechanism for a party to respond to an order entered by the Court. The document contains a recapitulation of Murphy's argument for recusal, as well as his disagreement with Judge Donald's order.

Rule 12(f) Fed R. Civ. P. provides that upon the Court's own initiative, a Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's case has been reassigned. The Court finds the plaintiff's irregular response to be immaterial, impertinent, and redundant. This Court invokes its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," <u>Landis v. North American Co.</u>, 299 U.S. 248 (1936), and hereby ORDERS defendant's "Response to Order" (docket entry 10) STRICKEN from the record.

Plaintiff Murphy, a veteran of World War II and the Korean War, has filed another complaint seeking review of a decision of the Air Force Board for the Correction of Military Records ("AFBCMR"), correction of his military records, and retirement benefits. Plaintiff has now filed six complaints in this district

2

and the United States District Court for the District of Columbia seeking declaratory, injunctive, and monetary relief.[1]

After Judge Donald's decision in Murphy II was affirmed on appeal by the Sixth Circuit, Murphy filed three motions for summary judgment. The United States filed a motion to strike plaintiff's motions. By order entered on August 7, 1998, Judge Donald described the motions, which again set forth Murphy's view of the facts and evidence, as increasingly vituperative and directed that the pleadings be stricken from the record and enjoined Murphy from filing further documents. The order stated:

> Finally, it is apparent that Murphy will continue to abuse the federal court's jurisdiction in an attempt to harass the Court, the Assistant United States Attorney, and anyone remotely connected with this case. See Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.
>
> Federal courts have both the inherent power and the constitutional obligation to protect

---

[1] Murphy has filed the following actions:

1) Murphy v. United States, No. 02-1493-H (D.D.C. 2003), aff'd, No. 03-5374, 2004 WL 1088747 (D.C. Cir. May 14, 2004); cert. denied, No. 04-6517, 125 S. Ct. 438 (Nov. 1, 2004)(dismissing claims as barred by res judicata)(Murphy V);
2) Murphy v. United States, No. 00-2850 (D.D.C. Apr. 20, 2001); aff'd, No. 01-5243, 2001 WL 1699349 (D.C. Cir. Dec. 19, 2001); cert. denied, No. 01-9653, 535 U.S.1105 (May 28, 2002)(dismissing claims as barred by res judicata)(Murphy IV);
3) Murphy v. United States, No. 98-2965 (D.D.C. Sept. 13, 1999); aff'd, No. 99-5325, 2000 WL 274200 (D.C. Cir. Feb. 2, 2000); cert. denied, No. 99-9415, 530 U.S. 1248 (June 19, 2000)(dismissing claims as barred by res judicata) (Murphy III);
4) Murphy v. United States, 96-2672-D/V (W.D. Tenn. June 25, 1997); aff'd, No. 97-5831, 1998 WL 228124 (6th Cir. Apr. 30, 1998); cert. denied, No. 98-6029, 525 U.S. 941 (Oct. 13, 1998)(dismissing claims as barred by res judicata)(Murphy II);
5) Murphy v. United States, No. 95-258C (Fed. Cl. July 26, 1995), aff'd, No. 95-5161, 1996 WL 110628 (Fed. Cir. Mar. 12, 1996), cert. denied, No. 95-8662, 517 U.S. 1248 (June 10, 1996)(dismissing complaint as time-barred under the applicable statute of limitations)(Murphy I).

> their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). See also Winslow v. Romer, 759 F. Supp. at 677-78; Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. See Filipas v. Lemons. See also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Martin-Trigona; In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972). The Court must take care not to impose restrictions that would preclude the party from all access to the courts. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

The Court has considered how to prevent Murphy from continuing to abuse the judicial system by continuously attempting to litigate the same or similar frivolous claims, without also completely precluding his access to the courts. See, e.g., Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986)(limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access). See also Lyons v. Randall, 834 F.2d 493, 496 (5th Cir. 1987)((sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity).

Accordingly, this Court ORDERS that plaintiff shall file no further documents in this case and shall not file any other case in which he seeks to relitigate matters which in any way arise from this closed case. The Clerk is ORDERED not to file or otherwise accept any other documents for filing in this action or any other action which attempt to relitigate matters arising from this

> action. Any further documents in this case or any other documents attempting to relitigate matters arising from this case shall be returned to Murphy.
>
> Furthermore, should Murphy violate this order, the Court will then impose further sanctions against him, including a monetary fine.

(Murphy II, docket entry 82)

Additionally, Murphy filed Murphy v. Alexander, et al., No. 98-2636-Ml/V (W.D. Tenn. Aug. 31, 1998), suing Assistant United States Attorney (AUSA) Sidney P. Alexander, Sixth Circuit Court of Appeals Clerk Leonard Green, and Sixth Circuit Court of Appeals Judges Gilbert S. Merritt, Cornelia G. Kennedy, Boyce F. Martin, Jr., H. Ted Milburn, David A. Nelson, James L. Ryan, Danny J. Boggs, Alan E. Norris, Richard F. Suhrheinrich, Eugene E. Siler, Jr., Alice M. Batchelder, Marha Craig Daughtrey, Karen Nelson Moore, R. Guy Cole, Jr., Harry Wellford, Nathaniel R. Jones, and Ronald Lee Gilman. Murphy expressed his disagreement with Judge Donald's decision in Murphy II, the manner in which AUSA Alexander defended the case, the manner in which Clerk Green docketed and handled plaintiff's appeal, and the appellate decision of the Sixth Circuit judges. United States District Judge Jon Phipps McCalla dismissed Murphy's complaint as barred by judicial and sovereign immunity and as frivolous.

The claims asserted in this complaint are fully within the scope of Murphy I, Murphy II, Murphy III, Murphy IV, and Murphy V and are barred by both the claim and issue preclusion branches of the res judicata doctrine. See C. Wright, Law of Federal Courts, § 100A at 680, 682 (1983). "A final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that **were** or **could have been raised** in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)(emphasis added). The dismissal on statute of limitations grounds in Murphy I was a judgment on the merits.

> The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits. See, e.g., Fed. Rule Civ. Proc. 41(b); United States v. Oppenheimer, 242 U.S. 85, 87-88 (1916).

Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995).

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief--the courts have denied the plaintiff a second bite at the apple.

Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1288 (5th Cir. 1989). See also The Restatement (Second) Judgments § 51 (1982).

Plaintiff's claims regarding his 1992 application for correction were time-barred in Murphy I; the additional claims presented in Murphy II and Murphy III could have been raised in Murphy I. While Murphy IV, Murphy V, and the present complaint reference plaintiff's 2000 application for correction, the application is based upon the same underlying decisions made by the Selection Boards in 1958 and 1959. The fact that Plaintiff files new applications with the AFBCMR and attempts to recharacterize his

claims, does not revive his expired statute of limitations. Plaintiff's complaint presents claims which are time-barred and which are clearly prohibited by res judicata. Accordingly, the complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Furthermore, under Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), a district court should dismiss a paid complaint for want of subject matter jurisdiction if the claims are "frivolous, attenuated, or unsubstantial." See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). Murphy's contentions are legally frivolous in this Court because they are based on an "indisputably meritless legal theory" of seeking relief twice on the same claims or issues or on claims that are time-barred. Neitzke, 490 U.S. at 327. As the claims are frivolous, they are inadequate to invoke this Court's subject matter jurisdiction. Accordingly, the complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3). Hagans, 415 U.S. at 536-37; Apple, 183 F.3d at 479.

Plaintiff's motion to require the filing of the Administrative record (docket entry 2) is denied as MOOT due to the dismissal of the complaint.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to

dismiss this case as devoid of subject matter jurisdiction also compel the conclusion that an appeal would be devoid of subject matter jurisdiction and would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601, 612-13 (6th Cir. 1997); Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] or attempt to renew his request for leave to appeal in forma pauperis by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." Callihan, 178 F.3d at 803. Under Callihan, if the appellant does not within this thirty-day period either file the required motion or pay the filing fee, the appeal will be dismissed for want of prosecution. If the appeal is

---

[2] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

8

dismissed, it will not be reinstated once the fee is paid. Id. at 804.

The Court reaffirms the previous sanctions imposed by Judge Donald in Murphy II that Murphy shall file no further documents in this case and shall not file any other case in which he seeks to relitigate matters which in any way arise from Murphy II.

Furthermore, the Court imposes restrictions on Murphy's filing privileges by prohibiting him from filing any other case in which he seeks to relitigate matters which arise from Murphy I, Murphy II, Murphy III, Murphy IV, Murphy V, or the present case, Murphy VI. Moreover, any case submitted by Murphy to another Court that is thereafter removed or transferred to this district court will result in the same sanctions as if it had been filed here. The Clerk is ORDERED not to file or otherwise accept any other documents for filing in this action or any new action which attempt to relitigate these matters unless specifically directed to do so by a district judge or magistrate judge of this district. Any further documents in this case or any other documents attempting to relitigate these matters shall be returned to Murphy.

Plaintiff was previously admonished in Murphy II that a monetary fine could be imposed if he violated Judge Donald's order. Plaintiff has clearly disobeyed that order by attempting to relitigate his previously dismissed claims. That willful disobedience resulted in another frivolous case on this Court's docket.

In deciding the appropriate monetary sanction to impose, the Court does not take lightly the facts that Murphy is 85 years old and a veteran who served his country. However, the Court also considers that plaintiff, once a practicing attorney, has now fully demonstrated his intent to continue to abuse the federal court's jurisdiction in an attempt to harass the Court, the United States, and those connected with the decisions to deny Murphy's requests for relief and requests for changes to his military records. Plaintiff's lack of contrition is further demonstrated by his impertinent characterizations of decisions by the judges who dismissed his previous complaints.

As Murphy has flagrantly avoided complying with Judge Donald's order despite the warning that failure to comply would result in the imposition of "further sanctions against him, including a monetary fine," the Court orders him to pay a fine of $500. If he files a notice of appeal, he shall pay the $255 appellate filing fee in addition to the $500 fine. The Court further ADMONISHES Plaintiff that if he persists in filing frivolous lawsuits in this district that he will be sanctioned with additional monetary fines in an amount no less than $500.

IT IS SO ORDERED this 31st day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:05-CV-02407 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Charles M. Muprhy
6539 Knight Arnold Rd. Ext.
Apt. #16
Memphis, TN 38115

Honorable J. Breen
US DISTRICT COURT